STATE *vs*. THE CHARLES M. SCOTT PACKING COMPANY, a corporation of the State of Delaware, and CHARLES M. SCOTT.

CORPORATIONS—INDICTMENT—LEGAL PROCESS—WARRANT.

In the absence of any statute prescribing the nature and service of process for the bringing of a corporation into court in a criminal case, and in view of *Rev. Code* 1852, amended to 1893, *p.* 702, *c.* 94 § 3, providing that the Court of General Sessions may issue writs to take any person indicted, and *General Corporation Law* (22 *Del. Laws, c.* 394) § 48, providing that legal process shall be served on corporations as therein provided, and a warrant being legal process, the court, upon an indictment against a corporation, may issue capias for the corporation, to be served in the same manner as a writ of summons.

(*October* 22, 1913.)

Judges CONRAD and WOOLLEY sitting.

*Josiah O. Wolcott*, Attorney General, for the state.

Court of General Sessions, Kent County, October Term, 1913.

The Charles M. Scott Packing Company, a corporation, and Charles M. Scott, were indicted for violating *Section 5, Chapter 97, Volume 27, Laws of Delaware*, entitled "An act providing for the sanitation of factories in which the business of packing and preserving fruits, vegetables or by-products thereof, is carried on."

*Mr. Wolcott:*—I ask for a capias against the corporation and the individual. There is no Delaware statute prescribing the nature and service of process for the bringing of a corporation into court in criminal cases. My suggestion for the practice would be to have the capias issued against the corporation and served upon the corporation in the same manner as is provided by the General Corporation Law for the service of summons.

The court has an inherent right to frame any appropriate writ to complete its jurisdiction. *U. S. v. Kelso (D. C.)* 86 *Fed.* 304.

In New Hamsphire, the practice was followed of bringing the corporation into court by writ of summons, following the common law analogy of the old writ of *venire*, and following the long-established practice in the colony and State of New Hampshire. *Boston, etc., R. R. Co. v. State*, 32 *N. H.* 215.

But in Indiana where the only sort of writ that could be

issued by the court, under the Indiana statute, was a writ that contemplated the arrest of the defendant, the court held that service of a summons upon a corporate defendant in a criminal case was service of an improper writ under the Indiana statute; the only sort of a writ authorized by the statute being a warrant. *State v. Ohio*, 23 *Ind.* 362.

The Indiana case is interpreted to the effect that a warrant should be issued. 5 *Thomp. on Corporations, par.* 5651; 10 *Cyc.* 1233 (*b*).

The Delaware statute conferring jurisdiction upon the Court of General Sessions, (*Revised Code, p.* 702, *c.* 94, § 3), providing, "The said judges, or any of them, may issue writs, or precepts, under the seal of said court, to any sheriff, or other officer, of any county in the state, to take any person indicted," etc., is similar to the Indiana statute referred to in the above Indiana case, in that the only process authorized by the statute to be issued by the Court of General Sessions is a process that contemplates the seizure of the body of a defendant—that is to say, a warrant.

A warrant is "legal process". *Savage v. Oliver*, 110 *Ga.* 636, 36 *S. E.* 54, 56; *People v. Nevins*, 1 *Hill* (*N. Y.*) 154, 169-170; *State v. Shaw*, 73 *Vt.* 149, 50 *Atl.* 863, 869; *Neal-Millard Co. v. Owens*, 115 *Ga.* 959, 42 *S. E.* 266, 267; *Wilson v. St. Louis, etc., R. Co.*, 108 *Mo.* 588, 18 *S. W.* 286, 293, 32 *Am. St. Rep.* 624.

The General Corporation Law (22 *Del. Laws, c.* 394, § 48) provides that "legal process" shall be served on corporations as therein provided. Therefore there is no objection to the court's issuing the writ, that is, the capias, or, as it is sometimes called, the bench warrant, the only writ that is authorized by the statute, and having it served upon the corporation in the manner provided in the General Corporation Law for the service of "legal process".

CONRAD, J.:—The court orders that a capias be issued for the corporation, to be served upon it in the same manner as a writ of summons is served under the provisions of the General Corporation Act, and also a capias be issued against the personal defendant in the customary form.